Modified.

---

### In re BROTZ. *
### Patent Appeal No. 3235.

Court of Customs and Patent Appeals.
March 5, 1934.

Richard S. C. Caldwell, of Milwaukee, Wis., and Joseph H. Milans, of Washington, D. C., for appellant.

*Appellant's petition for rehearing denied April 15, 1934.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office, affirming that of the Examiner in rejecting the eight claims of appellant's application for a patent relating to the method of coating metal with vitreous enamel.

Claims 1, 4, and 5 are illustrative and follow:

"1. The method of coating metal with vitreous enamel which consists in applying a wet ground coat of vitreous material to the bare surface of the metal and then applying a dry cover coat of powdered vitreous enamel on the moist ground coat material and then heating to fuse the ground coat and the cover coat with the same firing."

"4. The method of coating metal with vitreous enamel which consists in applying a wet ground coat of vitreous material to the bare surface of the metal and then applying a dry cover coat of powdered vitreous enamel on the moist ground coat material and then drying and then heating to fuse the ground coat and the cover coat with the same firing.

"5. The method of coating metal with vitreous enamel which consists in spraying the clean metal surface with a liquid containing vitreous ground coat material in suspension, then dredging dry cover coat powdered vitreous enamel material on the damp ground coat and then subjecting the article to a single heating in a continuously operating tunnel kiln to fuse the ground coat to the metal surface and to fuse the cover coat to the ground coat."

The references relied upon are: Vollrath, 488,683, December 27, 1892; Vollrath, 593,-792, November 16, 1897; Warman, 1,373,-217, March 29, 1921.

The disclosure of the application outlines a method of coating metal with vitreous enamel. Appellant, in the usual way, applies a wet coat to the bare surface of the metal, and, while this coat is still wet, a dry cover coat of powdered enamel is applied to it. Then, in order to fuse both coats, and with or without an air drying, a single firing or heating is performed. Appellant, in his ap-

plication, states the condition of the prior art, and here calls attention to the fact that prior to his alleged invention it was not believed that a dry coat could be applied to a wet coat and both be fired at the same time.

The Board points out that the claims were rejected by the Examiner on the patent to Vollrath, 488,683, and particularly with reference to his disclosure made in lines 40 to 49 of page 2 of the patent. This Vollrath patent relates to making speckled or peppered enameled ware from wrought or cast iron, and the method therein described, when applied to wrought iron as distinguished from cast iron (the patent states that when treating cast iron a primary ground coat might be omitted), consists in first applying a paste to the iron by dipping or floating, and then the granular mixture of contrasting color is sifted thereon, and then the article is dried and fused by a single firing. In the said Vollrath patent is found the following: "While I have described the mixing of the granular and pasty mixtures before applying to the iron, I have obtained good results by applying the paste first to the iron by dipping or floating, and thereupon sifting upon it the granular mixture of contrasting color, then drying and fusing. The advantage of this procedure is found in the possibility of varying the style or ornamentation, but it is a slower process than the other."

It is contended by the appellant that his alleged invention relates to a ground coat and a cover coat, or to two separate and distinct coats, and that, in the said Vollrath method employed in making speckled ware, the sprinkling of the dry coloring material upon the first coat does not form a cover coat, since it does not entirely cover the surface of the first coat, and therefore leaves a speckled effect rather than a solid color.

The appellant submitted for the consideration of the Examiner a number of affidavits to the effect that the said Vollrath patent did not contemplate two coats. The affidavits further point out the advantages of appellant's method as applied to certain articles and state that the affiants regarded appellant's process as new in the art.

The Board did not discuss the other references in its decision affirming that of the Examiner, but it did refer to the Vollrath patent, 593,792, in its decision denying the petition for rehearing, and there calls attention to the fact that in Vollrath, 593,792, it is disclosed that: "* * * when more than one coat of enamel is applied to an article, as

in the case of a ground and a finishing coat, the process used may be employed for each coat with or without successive firings."

In the decision denying the petition for rehearing, the Board also calls attention to the fact that the Examiner referred to the Warman patent and held that the claims were not patentable over that patent in view of the earlier patent to Vollrath, since Warman shows the process of coating a metal article with a paste, forming the primary or ground coating, and an outer or surface coating of granular material of a coarser nature, after which the article with both coats thereon is fired and the coatings fused together and also fused to the article to be coated.

In Warman a metal base is provided with a wet vitreous enamel ground coat upon which crushed slate, quartz, or the like is dredged, after which the coating is dried and then fired. The Examiner held that the replacement of the crushed quartz, etc., of Warman with the granular vitreous enamel of Vollrath lacked invention.

We agree with the conclusion of the Board and its reasons for affirmance of the Examiner's decision. It seems to us that since Vollrath 488,683 definitely discloses a process of sprinkling dry enameling material upon a wet ground coat and then, either after drying or before drying, using a single firing for fusing purposes, appellant has suggested nothing that is inventive.

We are not impressed with the contention that a patentable distinction can be made between applicant's method and the said Vollrath method upon the technical definition of the term "coats." A complete cover coat of a material different in color from the ground coat may have a speckled appearance owing to the difference in thickness of different parts of the cover coat.

Appellant argues that it was not believed that a coat of dry material could be dredged upon a wet coat and fused in one firing. That is exactly what Vollrath did, and evidently with good results and not with the result which appellant contends those practicing the art believed would be produced. If Vollrath could dredge a dry coating of enameling material on a wet coat and fuse in a single firing, so as to make a speckled enamel without obtaining the bad results mentioned by appellant, it is not clear what, in the nature of invention, appellant has contributed to the art. The prior art shows that the method of dipping or spraying was old and that the dredging or sifting of dry material upon a wet coat or a dried coat was

old. The Examiner also found that it was "notoriously old" to effect a fusing in a tunnel kiln, which is a limitation in claims 5 and 7.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.